NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 31 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AURA VIOLETA LOPEZ Y LOPEZ, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 23-3046 <br><br> Agency No. <br> 206-340-470 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 27, 2025**
Pasadena, California

Before: BOGGS***, FRIEDLAND, and BRESS, Circuit Judges.

Aura Violeta Lopez Y Lopez, a native and citizen of Guatemala, petitions for

review of an order of the Board of Immigration Appeals ("BIA") affirming an

Immigration Judge's ("IJ") denial of her application for cancellation of removal,

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Danny J. Boggs, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

1

withholding of removal, and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's factual findings for substantial evidence and review its legal conclusions de novo. *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014). We deny Lopez Y Lopez's petition for review.

1. The BIA held that Lopez Y Lopez waived consideration of the IJ's denial of her application for cancellation of removal because Lopez Y Lopez did not mention cancellation of removal in her brief to the BIA. Lopez Y Lopez argues that she did not waive that claim because she mentioned it in her Notice of Appeal to the BIA. But although her Notice of Appeal made a generalized allegation of error in the IJ's cancellation-of-removal determination, that Notice did not meaningfully articulate why the IJ's determination was wrong. *See, e.g.*, *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 821 (9th Cir. 2003) (holding that a petitioner's notice of appeal must "apprise the [BIA] of the particular basis for the alien's claim that the immigration judge [was] wrong" (alteration in original) (citation omitted)).

In any event, although a petitioner may rely on a notice of appeal that articulates an argument when not filing a brief, "when a petitioner does file a brief,

---

[1] The IJ also denied Lopez Y Lopez's application for asylum, which Lopez Y Lopez did not contest in her appeal to the BIA, or in her petition for review to our court. This claim is therefore unexhausted and waived. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023); *Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013).

the BIA is entitled to look to the brief for an explication of the issues that petitioner is presenting to have reviewed." *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc). Because Lopez Y Lopez did not mention cancellation of removal in her brief to the BIA, the claim is unexhausted and we do not consider it further. *See Umana-Escobar*, 69 F.4th at 559.

2. The BIA concluded that Lopez Y Lopez's evidence of past harm, including the threats she received and the harm suffered by her family, did not rise to the level of persecution. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1153 (9th Cir. 2005) ("[M]ost threats do not rise to the level of persecution."); *Sharma v. Garland*, 9 F.4th 1052, 1062 (9th Cir. 2021) ("'[A]lthough harm to a petitioner's close relatives, friends, or associates may contribute to a successful showing of past persecution,' it must be 'part of a pattern of persecution closely tied to [the petitioner] himself.'" (alteration in original) (quoting *Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009))). Although Lopez Y Lopez's Opening Brief to our court refers generally to the harms suffered by her and her family, she does not specifically challenge the BIA's reasoning on appeal and has therefore waived any such challenge. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001) ("[I]ssues . . . not specifically and distinctly argued and raised in a party's opening brief are waived.").

The BIA also concluded that Lopez Y Lopez failed to establish a well-founded

fear of future persecution because she could safely relocate within Guatemala. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019) ("[A]n applicant 'does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality . . . [and] under all the circumstances it would be reasonable to expect the applicant to do so.'" (alteration in original) (quoting 8 C.F.R. § 1208.13 (b)(2)(ii))). Lopez Y Lopez's Opening Brief does not acknowledge that holding by the BIA, let alone offer any basis to reject it, so she has waived any challenge to it. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013). Because those unchallenged holdings are dispositive of Lopez Y Lopez's withholding-of-removal claim, we deny the petition as to that claim.

3. Lopez Y Lopez has not shown any error in the BIA's denial of her CAT claim. The BIA concluded that Lopez Y Lopez had not shown that any harm she would face if returned to Guatemala would be "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." (citing 8 C.F.R. § 1208.18(a)(1)). Lopez Y Lopez's only challenge to that conclusion is her assertion that no gang members have been convicted for making threats against her and her family. But the failure on the government's part to investigate and prevent crime does not suffice to demonstrate acquiescence under the circumstances here. *See Andrade-Garcia v.*

4

*Lynch*, 828 F.3d 829, 836 (9th Cir. 2016).

4. We find no merit in Lopez Y Lopez's various due-process arguments because the record reflects that she was provided "a full and fair hearing of h[er] claims and a reasonable opportunity to present evidence on h[er] behalf." *Hussain v. Rosen*, 985 F.3d 634, 642 (9th Cir. 2021) (quoting *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000)).

Lopez Y Lopez contends that the agency violated her right to due process by "erroneously and irrationally ignor[ing]" several of her arguments. Likewise, she claims that her due-process rights were violated because the BIA did not provide a "reasoned explanation" for its actions. The record belies these arguments. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095–96 (9th Cir. 2000) ("[A]n alien attempting to establish that the Board violated his right to due process by failing to consider relevant evidence must overcome the presumption that it did review the evidence."); *see also Lopez v. Ashcroft*, 366 F.3d 799, 807 n.6 (9th Cir. 2004) ("Importantly, [t]he [BIA] does not have to write an exegesis on every contention. What is required is merely that it consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." (alterations in original) (internal quotation marks and citation omitted)).

5

**PETITION DENIED.** [2]

---

[2] Lopez Y Lopez's motion to stay removal, Dkt. 2, is denied. The temporary stay of removal shall remain in place until the mandate issues.